UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONALD DALE BURSTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11CV221 HEA |
| | ) |
| BUDDY MAY, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of plaintiff's amended complaint. Plaintiff, an inmate at Northeast Correctional Center, has previously been granted leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915. Based upon a review of the amended complaint, the Court finds that plaintiff's claims are barred by the statute of limitations and the amended complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights which purportedly occurred during his incarceration at Algoa Correctional Center. Named as defendants, in both their individual and official capacities, are three correctional officers at Algoa Correctional Center, as well as the Warden: Correctional Officer Buddy May; Captain Unknown Reese; Sergeant John Doe and Warden Dwayne Kemper.

Plaintiff claims that in November of 2006 he was verbally harassed by a couple of inmates in the shower who told him they were just "playing" with him. Plaintiff states that he reported the shower "harassment" to correctional officer May, but that May failed to do anything about it. Instead, May told plaintiff that the inmates were just "playing." Plaintiff states that he wrote a letter to Warden Kemper regarding the verbal harassment but that he did not hear back from defendant Kemper.

Plaintiff states that a couple of weeks after the shower incident, on November 16, 2007, he told the inmates who had "harassed" him in the shower that they could smoke marijuana in his cell, and that after smoking with the men he passed out and later woke up and suspected that he had been sexually assaulted. Plaintiff immediately took a shower. Plaintiff asserts that he reported the alleged sexual assault to defendants May, Unknown Reese and John Doe Sergeant, but that these defendants failed to do anything about the incident because they told him he had

washed off any evidence that would have remained by taking a shower, and in fact, they said they did not believe that he had been sexually assaulted. Plaintiff states that he wrote a letter to defendant Kemper regarding the incident but that he did not hear back from him.

Several months later plaintiff tested positive for HIV. Plaintiff asserts that defendants May and Kemper failed to protect him from assault from the inmates he had previously complained about, and he asserts that defendants Reese and John Doe Sergeant acted with deliberate indifference when they failed to investigate his claims of assault. Plaintiff also generally states that defendants, as correctional officers, facilitated an unsafe environment which led to the sexual assault at Algoa because there was no guard stationed on his floor, no locks on the cell doors and no monitoring cameras near his cell.

Plaintiff seeks monetary damages and injunctive relief for the purported harm he has suffered.

## Discussion

Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff's failure to protect claims and claims of deliberate indifference arose on or about November 16, 2006,

the date of the alleged assault. Plaintiff signed his original complaint and placed it in the mail on December 5, 2011. Plaintiff's complaint was filed more than five years after his cause of action arose, and therefore, is barred by the five-year statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because plaintiff's claims are barred by the statute of limitations. Plaintiff's claims are therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of May, 2012.

　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE